**Opinion issued August 15, 2024**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-24-00031-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**JORGE HERNANDEZ, Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-41721**

---

## MEMORANDUM OPINION

Appellee Jorge Hernandez sued appellant City of Houston (the City) for personal injury and property damages allegedly caused by a motor-vehicle accident between him and the City's employee. The City moved to dismiss the suit under Rule of Civil Procedure 91a, asserting that Hernandez's claims had no basis in law

because his pleadings did not allege sufficient facts to support waiver of the City's immunity to suit. The trial court denied the City's motion, and this interlocutory appealed followed.

Because we conclude that Hernandez alleged sufficient facts to demonstrate that the City's immunity is waived under the Texas Tort Claims Act (TTCA), we affirm the trial court's order denying the City's Rule 91a motion.

## Background

In his second amended petition—the live pleading—Hernandez alleged that, on August 6, 2021, he "was driving westbound on N Sam Houston Pkwy in a red Dodge Ram pickup hauling a trailer." He "heard police sirens behind him" and "moved onto the shoulder to make room for the two police vehicles that were driving at a high rate of speed." The first police vehicle "passed him very fast." The second vehicle, driven by City of Houston police officer E. Ginter, "became uncontrollable due to [its] high rate of speed and slammed into the back of [his] trailer," which then collided with his truck.

Hernandez alleged that, at the time of the collision, "Officer Ginter was not responding to an emergency call." Quoting Texas Transportation Code section 546.005, Hernandez also alleged that, "[e]ven if it is proven that Officer Ginter *was* responding to an emergency call, Officer Ginter did not drive 'with appropriate

regard for the safety of all persons' and is not relieved of 'the consequences of reckless disregard for the safety of others.'"

Hernandez listed the following "acts and/or omissions" by Officer Ginter that he alleged constituted negligence "and/or" gross negligence: (1) violating Texas Transportation Code provisions restricting a vehicle's speed and governing following distance, (2) failing to use "audible or visual signals" as required by Transportation Code section 546.003[1], (3) failing "to maintain a proper lookout," (4) driving "at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances," (5) failing "to timely apply the brakes," (6) failing "to turn the vehicle to avoid the collision," (7) failing to "maintain control of his vehicle," (8) following Hernandez's truck "too closely," (9) failing "to yield the right-of-way," and (10) failing "to behave as a reasonably prudent person would have in the same or similar circumstances." Hernandez alleged that Officer Ginter's acts and omissions "proximately caused the collision, [his] injuries, and [his] damages."

---

[1] Section 546.003 requires an emergency-vehicle operator to use lights or sirens "at the discretion of the operator in accordance with policies of the department or the local government that employs the operator" when engaging in authorized conduct to disregard traffic laws. *See* TEX. TRANSP. CODE § 546.003.

Hernandez also claimed that Officer Ginter was acting in the scope of his employment when the collision occurred. Hernandez asserted that, as Officer Ginter's employer, the City was vicariously liable for the officer's negligence.

Hernandez further asserted that the City's immunity from suit was waived under the TTCA because his claims "ar[o]se from the use of or operation of a motor vehicle." And Hernandez alleged that his injuries were "proximately caused by Officer Ginter's use of a motor driven vehicle."

After answering the suit, the City filed a Rule 91a motion to dismiss. In the motion, the City stated that Hernandez "ha[d] the burden to plead facts" demonstrating that the TTCA "clearly and unequivocally waive[d] Houston's immunity from suit." It asserted that, "[i]n the absence of such factual allegations, [Hernandez's] claims ha[d] no basis in law and [were] due to be dismissed for lack of subject-matter jurisdiction." The City pointed out that Hernandez "expressly plead[ed] that the collision involved a Houston Police Officer traveling at a high rate of speed with their sirens activated." The City claimed that its immunity from suit was not waived because Hernandez pled "no facts that would negate application of official immunity, the TTCA's emergency exception, or [the] 9-1-1 exception."

Hernandez responded to the motion. He argued that the emergency exception to the waiver of immunity did not apply because he pleaded that Officer Ginter was not responding to an emergency call at the time of the collision. And, "even if an

4

emergency exception *did* apply," he asserted that he had alleged sufficient facts to overcome the exception.

The trial court denied the City's Rule 91a motion to dismiss. The City now appeals the order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (allowing party to appeal interlocutory order granting or denying plea to jurisdiction filed by governmental unit); *City of Hous. v. Hous. Metro Sec.*, No. 01-22-00532-CV, 2023 WL 2602520, at *3 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet.) (mem. op.) (holding that, because Rule 91a motion challenged subject-matter jurisdiction based on assertion of governmental immunity, section 51.014(a)(8) permitted interlocutory appeal of order denying motion).

## Denial Rule 91a Motion

In its sole appellate issue, the City argues that the trial court erred by denying its Rule 91a motion because Hernandez did not plead sufficient facts to support waiver of the City's governmental immunity under the TTCA.

## A. Applicable Legal Principles

Sovereign immunity protects the State of Texas against lawsuits for damages unless the State consents to be sued. *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 283 (Tex. 2022). Governmental immunity provides similar protection to subdivisions of the State, like cities. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "Governmental immunity has two components: immunity from liability, which bars

5

enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006) (footnote omitted). Governmental immunity from suit deprives a trial court of subject-matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

Governmental units are immune from suit unless immunity is waived by state law. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). The City, as a political subdivision of the State, cannot be vicariously liable for the actions of its employees unless its governmental immunity has been waived by the state legislature. *See City of Hous. v. Vogel*, No. 01-22-00071-CV, 2022 WL 16756378, at *3 (Tex. App.—Houston [1st Dist.] Nov. 8, 2022, no pet.) (mem. op.).

Relevant here, the TTCA creates a limited waiver of governmental immunity for claims of personal injury or property damage proximately caused by a governmental employee's negligent use or operation of a motor-driven vehicle, so long as the employee would be liable personally. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1); *see id.* § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.").

The TTCA also provides several exceptions and exclusions that retain immunity even if immunity would otherwise be waived by another provision, such as section 101.021. *See id.* §§ 101.051–.067 ("Exclusions and Exceptions"); *see*

6

*Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023) ("The [TTCA] may waive immunity in one breath and in the next take back part of the waiver."); *Delaney v. Univ. of Hous.*, 835 S.W.2d 56, 58 (Tex. 1992) (noting that such exceptions are not "prohibition[s] of certain actions against the government," but "exception[s] to the limited waiver of immunity brought about by the [TTCA]"). If an exclusion or exception applies, then TTCA section 101.021 "does not waive the City's immunity from those claims regardless of whether they would otherwise fall within the scope of that waiver." *Maspero*, 640 S.W.3d at 529; *City of Hous. v. Davis*, No. 01-13-00600-CV, 2014 WL 1678907, at *4 (Tex. App.—Houston [1st Dist.] Apr. 24, 2014, pet. denied) (mem. op.) ("When the exception applies, the [TTCA] is unavailable as a waiver of immunity even if the facts otherwise fall within . . . Section 101.021.").

One exception implicated by the allegations in Hernandez's pleading is the emergency exception, which provides that the TTCA does not apply to a claim arising

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

TEX. CIV. PRAC. & REM. CODE § 101.055(2).

The other exception implicated by Hernandez's pleadings is the 9-1-1 exception, which provides that the TTCA

> applies to a claim against a public agency that arises from an action of an employee of the public agency . . . and that involves . . . responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action.

*Id.* § 101.062(b).

The plaintiff has the burden to affirmatively demonstrate that the trial court has jurisdiction, which "encompasses the burden of establishing a waiver of sovereign immunity in suits against the government." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Rattray*, 662 S.W.3d at 866 (explaining that plaintiff must first allege "circumstances that fit within a provision of the [TTCA] that authorizes a waiver" because "[t]he starting point is always the status quo: a presumption against any waiver until the plaintiff establishes otherwise"). "As a general matter, a plaintiff initially discharges this burden by alleging facts that bring a claim within the waiver." *Rattray*, 662 S.W.3d at 867. However, "being 'within' the waiver entails *both* key parts described above: satisfying the provisions that clearly and affirmatively waive immunity *and* negating any provisions that create exceptions to, and thus withdraw, that waiver." *Id.*

"Immunity from suit may be asserted through a Rule 91a motion to dismiss." *City of Hous. v. Hous. Metro Sec.*, No. 01-22-00532-CV, 2023 WL 2602520, at *3 (Tex. App.—Houston [1st Dist.] Mar. 23, 2023, no pet.) (mem. op.). Under Rule

8

91a, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. As the City asserts here, a cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* "This Court has noted that a cause of action has no basis in law under Rule 91a in at least two situations: (1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; and (2) the petition alleges additional facts that, if true, bar recovery." *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)). The trial court must determine the motion "based solely on the pleading of the cause of action, together with any pleading exhibits permitted by" the rules of civil procedure. *See* TEX. R. CIV. P. 91a.6.

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law. *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). We construe the pleadings liberally in favor of the plaintiff and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law. *See Stallworth*, 510 S.W.3d at 190.

"The dismissal grounds under Rule 91a have been analogized to a plea to the jurisdiction, which requires a court to determine whether the pleadings allege facts

demonstrating jurisdiction." *Sanchez*, 494 S.W.3d at 724–25. Here, "the analogy is particularly apt because the City's Rule 91a motion challenges the trial court's subject-matter jurisdiction on the pleaded facts." *Id.* at 725. Whether a pleader has alleged facts affirmatively demonstrating the existence of subject-matter jurisdiction is a question of law reviewed de novo. *Id.* (citing *Miranda*, 133 S.W.3d at 226); *see also Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015) ("We review jurisdiction and pleading sufficiency de novo."). To determine whether dismissal under Rule 91a is required here, we consider whether the pleadings, liberally construed, alleged sufficient facts to invoke a waiver of governmental immunity under the TTCA. *See Sanchez*, 494 S.W.3d at 725; *Miranda*, 133 S.W.3d at 226; *City of Pasadena v. Poulos*, No. 01-22-00676-CV, 2023 WL 7134974, at *4 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (mem. op.).

**B.    Analysis**

As discussed, TTCA section 101.021(1) provides a limited waiver of immunity from suits against governmental units for damages and injuries "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment" if:

> (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1).

On appeal, the City asserts that Hernandez's allegation that his "claims against the City arise from the use or operation of a motor vehicle" is insufficient to support a waiver of the City's immunity. However, in making this assertion, the City does not acknowledge Hernandez's other pleading allegations. Hernandez alleged that, while acting in the scope of his city employment, Officer Ginter's police car collided with the back of Hernandez's trailer, which then collided with Hernandez's truck. Hernandez claimed that the collision caused him personal injuries and property damage and that Officer Ginter's negligence caused the collision. Hernandez alleged that Officer Ginter engaged in certain acts and omissions that constituted negligence, including (1) failing "to maintain a proper lookout," (2) driving his vehicle "at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances," (3) failing "timely apply the brakes," (4) failing "to turn the vehicle to avoid the collision," (5) failing to "maintain control of his vehicle," (8) following "too closely," and (9) failing "to yield the right-of-way." Taking the allegations in his pleading as true and liberally construing them, we conclude that Hernandez pleaded sufficient facts to invoke a waiver of governmental immunity under TTCA section 101.021(1). *See* TEX. CIV. PRAC. &

11

REM. CODE § 101.021(1); TEX. R. CIV. P. 91a.1; *Sanchez*, 494 S.W.3d at 724–25; *Miranda*, 133 S.W.3d at 230.

On appeal, the City states that "Officer Ginter is protected by official immunity" and asserts that Hernandez "plead[ed] no facts [to] overcome Officer Ginter's official immunity." Similarly, in the trial court, the City asserted that Hernandez "plead[ed] no facts to suggest [Officer Ginter] would be 'liable under the common law' because [Hernandez] ha[d] alleged no facts that would overcome official immunity."

We are mindful that, when official immunity protects a governmental employee from personal liability, section 101.021 does not waive the governmental employer's immunity to suit. *See City of Hous. v. Sauls*, 690 S.W.3d 60, 69 (Tex. 2024). However, official immunity is a common-law affirmative defense, *see id.*, not a TTCA exception or exclusion that the plaintiff must affirmatively negate in his pleading, *see Rattray*, 662 S.W.3d at 867. A Rule 91a motion to dismiss may be based on the assertion of an affirmative defense, but it may only be granted if the plaintiff's pleadings conclusively establish the affirmative defense. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) ("Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss."). Here,

the City does not assert that Hernandez's pleadings conclusively established the affirmative defense of official immunity. Instead, the City incorrectly implies that Hernandez had the burden to affirmatively negate the affirmative defense in his pleadings.

The City also asserts that, even if they fall within the scope of section 101.021(1), Hernandez's claims must nonetheless be dismissed because he did not plead sufficient facts to negate the applicability of the emergency and the 9-1-1 exceptions, which operate to withdraw the City's section 101.021(1) waiver. To establish the trial court's jurisdiction, a TTCA plaintiff must (1) satisfy the statutory provisions, such as section 101.021(1), "that clearly waive immunity" and (2) "expressly negate" any statutory exceptions "plausibly implicated" by the plaintiff's allegations. *Rattray*, 662 S.W.3d 867-68. Here, Hernandez alleged that, immediately before the collision, he heard sirens as Officer Ginter's police car approached his truck from behind at a high rate of speed. We agree with the City that these allegations "plausibly implicate" the emergency and 9-1-1 exceptions.

As discussed, under the emergency exception, a general TTCA waiver of immunity does not apply to a claim arising from the action of a governmental employee while "responding to an emergency call or reacting to an emergency situation," and the employee complied with the laws "applicable to an emergency action," or—in the absence of applicable laws—the employee did not act "with

13

conscious indifference or reckless disregard for the safety of others." TEX. CIV. PRAC. & REM. CODE § 101.055(2); *see City of Hous. v. Green*, 672 S.W.3d 27, 30 (Tex. 2023). Similarly, the 9-1-1 exception provides that, for claims arising from the action of a governmental employee responding to a 9-1-1 emergency call, immunity is waived "only if the employee's action violates a statute or ordinance applicable to the action." TEX. CIV. PRAC. & REM. CODE § 101.062(b); *Vogel*, 2022 WL 16756378, at *5.

Hernandez alleged that, "[u]pon information and belief, Officer Ginter was not responding to an emergency call" at the time of the collision. The City argues that the allegation was insufficient to negate the applicable exceptions to immunity waiver because Hernandez was required to plead facts showing how he "was able to determine that Officer Ginter was not on an emergency call." Because the City demands more of Hernandez's pleadings than do the Rules of Civil Procedure or the Supreme Court of Texas, we disagree.

"Rules 45 and 47 require that the original pleadings give a short statement of the cause of action sufficient to give the opposing party fair notice of the claim involved." *Miranda*, 133 S.W.3d at 230 (citing TEX. R. CIV. P. 45, 47). A plaintiff is not required to set out in his pleadings the evidence on which he relies to establish his asserted cause of action. *See id.* Although "[m]ere reference to the Tort Claims Act does not establish the state's consent to be sued and thus is not enough to confer

14

jurisdiction on the trial court," a plaintiff's jurisdictional allegations are not required to exceed the fair-notice pleading requirements to confer jurisdiction. *See id.* (criticizing dissent for suggesting pleading requirements for jurisdictional allegations that would "extend[] beyond current requirements under our rules of civil procedure and case law," and concluding that plaintiffs' "petition satisfie[d] the notice pleading requirements of our procedural rules" to demonstrate waiver of governmental immunity).

Here, Hernandez's allegation that "Officer Ginter was not responding to an emergency call" was sufficient to negate application of the 9-1-1 exception to Hernandez's claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.062(b); *see also Rattray*, 662 S.W.3d at 867 ("[N]o great effort is needed to negate many or indeed most statutory exceptions to the general waiver of immunity" under TTCA). However, the allegation does not entirely negate the emergency exception, which applies when a governmental employee was "responding to an emergency call *or* reacting to an emergency situation." TEX. CIV. PRAC. & REM. CODE § 101.055(2) (emphasis added). Hernandez alleged that he heard sirens as Officer Ginter's police car approached his truck from behind immediately before the collision. The allegation plausibly implicates the emergency exception based on either Officer Ginter's response to an emergency call or his reaction to an emergency situation. In

15

his pleadings, Hernandez stated that Officer Ginter was not responding to an emergency call but did not allege that he was not reacting to an emergency situation.

The emergency exception provides that, for a claim arising from the action of a governmental employee reacting to an emergency situation, immunity is not waived if the employee complied with the laws "applicable to an emergency action." *See id.* Stated differently, if the employee violated the applicable law, then the exception withdrawing the waiver would not apply. *See id.*

Texas Transportation Code Chapter 546 contains the law applicable to the operation of an emergency vehicle. *See* TEX. TRANSP. CODE ch. 546 (governing operation of emergency vehicles); *Vogel*, 2022 WL 16756378, at *5. For example, an operator of an emergency vehicle may engage in certain permissible conduct, such as exceeding the maximum speed limit when responding to an emergency call or pursuing a suspect as long as he does not endanger life or property. *See* TEX. TRANSP. CODE §§ 546.001(3), 546.002(b)(2); *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 29 (Tex. App.—Dallas 2012, pet. denied). But Chapter 546 "does not relieve" the operator of an emergency vehicle from:

> (1) the duty to operate the vehicle with appropriate regard for the safety of all persons; or
>
> (2) the consequences of reckless disregard for the safety of others.

TEX. TRANSP. CODE § 546.005. "Because Section 546.005 requires 'appropriate regard'—and prohibits 'reckless disregard'—for the safety of others, the inquiry

whether an operator violated the provision 'largely collapses' into a single question of whether an operator acted recklessly." *Green*, 672 S.W.3d at 30 (citing *Maspero*, 640 S.W.3d at 529) (internal footnote omitted)). "Thus, under section 546.005, those who respond to emergency calls in authorized emergency vehicles, which include police vehicles, are subject to liability if their conduct is reckless." *Leggett*, 396 S.W.3d at 29. Driving with "reckless disregard" involves more than a "momentary judgment lapse." *See Maspero*, 640 S.W.3d at 531. To drive with reckless disregard, the driver must commit "an act he knew or should have known posed a high degree of risk of serious injury" to others. *Id.* (quoting *Perez v. Webb Cnty.*, 511 S.W.3d 233, 236 (Tex. App.—San Antonio 2015, pet. denied)).

The City asserts that Hernandez did not allege sufficient facts to show a violation of section 546.005; that is, it asserts that Hernandez did not allege sufficient facts to show that Officer Ginter operated his police car recklessly. The City correctly points out that, "[w]hen immunity is waived for an alleged violation of a statute, at the jurisdictional stage, a plaintiff must 'actually allege' a violation of the statute." *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) (quoting *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009)). "'Mere reference' to the statute's elements in the pleading is not enough." *Id.* (quoting *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). "A plaintiff 'actually alleges' violation of

a statute 'by pleading facts that state a claim thereunder.'" *Id.* (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012)).

Here, Hernandez's pleading quoted section 546.005, asserting that Officer Ginter acted with "reckless disregard for the safety of others" and was "not relieved of 'the consequences of reckless disregard for the safety of others.'" *See* TEX. TRANSP. CODE § 546.005. But Hernandez's pleading also does more than "mere[ly] reference" the elements of section 546.005 to show recklessness under the circumstances. Hernandez alleged that, when he heard sirens behind him, he "moved onto the shoulder to make room for the two police vehicles that were driving at a high rate of speed behind him." One police car passed him but the second police car, driven by Officer Ginter, "became uncontrollable due to the high rate of speed and slammed into the back of Hernandez's trailer." Hernandez listed specific conduct by Officer Ginter that he alleged constituted not only simple negligence but also gross negligence. The alleged conduct included Officer Ginter's failure to use "audible or visual signals" as required by the Transportation Code section 546.003, maintain a proper lookout, turn his vehicle to avoid the collision, maintain control of his vehicle, and yield the right-of-way. Hernandez also alleged that Officer Ginter followed his vehicle too closely and violated Transportation Code section 545.062 governing safe following distances. In addition, Hernandez alleged that Officer Ginter drove his police car "at a rate of speed greater than that at which an ordinary and prudent

18

person would have driven under the same or similar circumstances" and that Officer Ginter did not "behave as a reasonably prudent person would have in the same or similar circumstances."

Construing Hernandez's pleadings liberally, as required, we conclude that Hernandez alleged sufficient facts to establish a waiver of the City's immunity under TTCA section 101.021(1) and to establish the inapplicability of the emergency exception. *See Rattray*, 662 S.W.3d at 867; *Miranda*, 133 S.W.3d at 226; *see also Leggett*, 396 S.W.3d at 30 (holding that plaintiff had alleged sufficient facts to establish inapplicability of emergency exception where police officer collided with plaintiff from behind and plaintiff alleged, inter alia, that officer was "negligent, reckless, and grossly negligent, including [officer's] failure to comply with traffic stop policies, control his vehicle, maintain a safe distance between the patrol vehicle and the vehicle in front of him, timely apply his brakes, and turn to avoid the collision" as well as "driving at a greater rate of speed than a person using ordinary care would have driven"). We hold that the trial court did not err when it denied the City's Rule 91a motion. *See Sanchez*, 494 S.W.3d at 725. Accordingly, we overrule the City's sole issue.

## Conclusion

We affirm the trial court's order denying the City's Rule 91a motion to dismiss.

Richard Hightower
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.